Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0176 | **DATE** | 1/17/12 |
| **CASE TITLE** | Hughest Gibson (B42794) vs. J. Sullivan, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is granted. The Court authorizes and orders the trust fund officer at plaintiff's place of incarceration to deduct $39.45 from plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Lawrence Correctional Center. Summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit a proposed amended complaint (plus a judge's copy and service copies) that complies with this order. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit a proposed amended complaint within thirty days will result in summary dismissal of this case. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Pro se plaintiff Hughest Gibson, an inmate at the Lawrence Correctional Center, has brought a civil rights suit against various Chicago Police officer defendants, Cook County State's Attorneys, and the owner of the Lounge Café in Chicago, Illinois. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A (Dkt. No. 1), and motion for appointment of counsel (Dkt. No. 4).

    The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $39.45. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

    Turning to the initial review of the complaint, the Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

1915A.  The following facts, drawn from plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to the plaintiff.  *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)).  This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers."  *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendants with 'fair notice' of the claim and its basis."  *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89).  "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level."  *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff alleges that he was walking with his fiancee Ora Price in the 1100 Block of West Wilson Avenue in Chicago on the evening of September 9, 2009 when two men asked them to change a five dollar bill.  Plaintiff provided them with five singles and then defendant Chicago Police Officers Patel, Dominguez and Bennett confronted him suspecting plaintiff had just bought drugs from the men.  The officers allegedly used excessive force during the arrest badly twisting plaintiff's arms and slamming his face on the trunk of their car.

The officers refused plaintiff's request for medical attention and took him to the police station.  He would not receive care until he was transferred to the Cook County Jail.  By September 14, 2009, plaintiff was charged with distributing drugs and assaulting the police officers.  He believes that he was falsely charged and wrongfully convicted of the aggravated battery charge in October 2010.  He was acquitted of the drug charge.  The wrongful conviction is the alleged result of the destruction of the surveillance videotape from the Lounge Café by defendant prosecutors Jennings and Brown.  Plaintiff claims the tape would have been exculpatory, so it was destroyed to cover up the police officers' misconduct.

Plaintiff raises federal excessive force, false arrest, false imprisonment, denial of medical treatment, *Brady*, and conspiracy claims.  He also raises associated state law battery, negligence, intentional infliction of emotional distress, and malicious prosecution claims.  A number of plaintiff's claims are barred by the statute of limitations.  It is appropriate to dismiss these untimely claims because the statute of limitations defense is clear from the face of the complaint.  *Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

Plaintiff faces the same two-year statute of limitations for both his federal and state tort claims because the state statute of limitations period is applied to both state and federal claims.  *Draper v. Martin*, __ F.3d __, Nos. 10-2837, 10-3054, 2011 WL 6880357, at *2 (7th Dec. 30, 2011) (citing 735 ILCS 5/13-202; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007); *Hilleman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004); *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)).  The excessive force, false arrest, failure to provide medical care, and conspiracy claims accrued on the night of the incident of September 9, 2009, and the false imprisonment claim accrued by September 14, 2009 when plaintiff was criminally charged.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Evans v. Poskon*, 603 F.3d 362, 363-64 (7th Cir. 2010); *Brooks v. City of Chicago*, 564 F.3d 830, 831 (7th Cir. 2009); *Jenkins*, 506 F.3d at 623; *Delgado-Brunet v.*

*Clark*, 93 F.3d 339, 342 (7th Cir. 1996). This same statute of limitations analysis covers the accrual of the state battery, negligence and intentional infliction of emotional distress claims. All of the aforementioned claims accrued in September 2009.

Plaintiff's proof of service states that he submitted his complaint to correctional officials for mailing on January 5, 2012. This date is the complaint's filing date for statute of limitations purposes under the prison mailbox rule. *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). More than two years lapsed between the accrual of the claims in September 2009 and the filing of the complaint in January 2012. The claims are untimely under the statute of limitations. This statute of limitations holding applies to all claims except for the *Brady* and malicious prosecution claims discussed below.

Turning to the remaining *Brady* and malicious prosecution claims, these claims arise from plaintiff's assertion that he was wrongfully charged with a drug crime and wrongfully convicted of the assault of a police officer. Malicious prosecution is a state law claim, but the alleged destruction of evidence is a federal due process claim under *Brady v. Maryland*, 373 U.S. 88 (1963). *Holland v. City of Chicago*, 643 F.3d 248, 255 (7th Cir. 2011); *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). In turn, the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994) — a plaintiff may not bring a Section 1983 claim when recovery on that claim would requiring invalidating a conviction if the underlying conviction has not been overturned — applies to a *Brady* due process claim. *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008).

Plaintiff alleges that the videotape was wrongfully destroyed by the prosecutors acting in concert with the police officers. This allegation touches upon two charges — the drug charge (resulting in an acquittal) and the assault charge (resulting in a conviction that has not been overturned). The rule of *Heck* does not apply to the acquitted drug charge, but it does apply to bar a claim regarding the presently valid assault conviction. Plaintiff has pled himself into *Heck's* prohibition as to the assault charge. He cannot bring a *Brady* claim as to the assault conviction but he may proceed with a *Brady* claim as to the drug charge.

In this type of situation, the Seventh Circuit instructs that the pro se plaintiff should be given a chance to submit a proposed amended complaint that properly addresses *Heck*. *Moore v. Mahone*, 652 F.3d 722, 726 (7th Cir. 2011). Plaintiff cannot raise the *Brady* claim as to the assault conviction as presently presented because he is claiming that he is wrongfully convicted due to the alleged civil rights violation and the conviction has not been overturned. But, he can challenge the destruction of the videotape as it relates to the filing of the drug charge. He can also assert a *Brady* claim regarding the destruction of the videotape in any other context, including the assault conviction, as long as plaintiff does not pled himself into *Heck's* prohibition. *Id*. at 726 (explaining that the a plaintiff may avoid *Heck's* prohibition at the pleading stage by being "agnostic" to the impact the alleged civil rights violation had on his conviction); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (explaining that "*Heck* kicks in and bars [a] civil suit" when a plaintiff "makes allegations that are inconsistent with the conviction[] [being] valid . . . ."). Plaintiff may proceed with a *Brady* claim as long as he can plausibly allege that the defendants "withheld materially favorable evidence" from him (by destroying the video tape), if the evidence had been disclosed, the disclosure "would have altered the decision" to bring plaintiff to trial on the drug charge, *Mosley v. City of Chicago*, 614 F.3d 391, 397-98 (7th Cir. 2010) (citing *Bielanski v. County of Kane*, 550 F.3d 632, 645 (7th Cir. 2008)), and finally he is not seeking relief that would effectively seek to invalidate a conviction in violation of *Heck*. *Johnson v. Dossey*, 515 F.3d at 782.

Plaintiff's malicious prosecution claim as to the drug charge must be dismissed as untimely because there is a one year statute of limitations for this claim, and the claim accrued when he was acquitted on the

| STATEMENT |
|---|

drug charge in October 2010. *Evans v. City of Chicago*, 434 F.3d 916, 924 (7th Cir. 2006). He did not file the complaint until over a year later in January 2012. Plaintiff does not have a state malicious prosecution claim as to the assault conviction because that conviction has not been invalidated in his favor. *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 344-45 (7th Cir. 2010); *Hurlbert v. Charles*, 938 N.E.2d 507, 512 (Ill. 2010); *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996).

The Court makes clear that plaintiff may bring a *Brady* due process claim as to the destruction of the videotape to the extent that it allegedly resulted in the wrongful filing of the drug charge. Plaintiff may also bring new claims not addressed in the original complaint if he believes they are appropriate, but he may not bring claims that have already been rejected by the Court.

The plaintiff is granted thirty days from the date of this order to submit a proposed amended complaint on the Court's required form in accordance with this order. The plaintiff must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. Failure to follow these instructions will result in dismissal of plaintiff's case.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations the plaintiff wishes the Court to consider must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed in its entirety.

Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, the Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (citing *Pruitt*, 503 F.3d at 655). Plaintiff must first submit a proposed amended complaint in accordance with this order. The Court concludes this task is not beyond his abilities when measure the complexity of the case and plaintiff's competency to litigate his case. Plaintiff may renew his request for counsel should he successfully submit a proper proposed complaint.