# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0176 | **DATE** | 1/29/2013 |
| **CASE TITLE** | Hughest Gibson vs. J. Sullivan, et al. | | |

**DOCKET ENTRY TEXT**

Defendants Jennings and Brown's motion to dismiss (Dkt. No. 32), is granted. Jennings and Brown's challenged conduct is covered by absolute immunity as prosecutors. Jennings and Brown are dismissed from this action with prejudice.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Pro se Plaintiff Hughest Gibson has brought a civil rights complaint pursuant to 42 U.S.C. § 1983. Pending before the Court are Defendants Jennings and Brown's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. (Dkt. No. 32).

The following facts are drawn from Plaintiff's original and amended complaints, and are presented in the light most favorable to him. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Plaintiff original complaint alleges that he was walking with his fiancée Ora Price in the 1100 Block of West Wilson Avenue in Chicago on the evening of September 9, 2009 when two men asked them to change a five dollar bill. Plaintiff provided them with five singles. At that point, Defendant Chicago Police Officers Patel, Dominguez and Bennett confronted Plaintiff suspecting he had just bought drugs from the men. The officers allegedly used excessive force during the arrest badly twisting Plaintiff's arms, and slamming his face on the trunk of their car.

The officers refused Plaintiff's request for medical attention and took him to the police station. He would not receive care until he was transferred to the Cook County Jail. By September 14, 2009, Plaintiff was charged with distributing drugs and assaulting the police officers. He believes that he was falsely charged and wrongfully convicted of the aggravated battery charge in October 2010. He was acquitted of the drug charge.

The conviction is the alleged result of the destruction of the surveillance videotape from the Lounge Café by Defendant prosecutors Jennings and Brown. Plaintiff claims the tape would have been exculpatory, so it was destroyed to cover up the police officers' misconduct.

Plaintiff raises federal excessive force, false arrest, false imprisonment, denial of medical treatment, *Brady v. Maryland*, 373 U.S. 83 (1963), and conspiracy claims. He also raises associated state law battery, negligence, intentional infliction of emotional distress, and

**STATEMENT**

malicious prosecution claims.

The case was originally assigned to the Honorable George W. Lindberg. Judge Lindberg, pursuant to the initial review requirement of 28 U.S.C. § 1915A, held that the federal law excessive force, false arrest, failure to provide medical care, conspiracy, and false imprisonment claims, along with the state law battery, negligence, malicious prosecution, and intentional infliction of emotional distress claims, were barred by the two year statute of limitations. (Dkt. No. 6 at 2-3).

This left the *Brady* claim arising from the alleged wrongful destruction of the videotape to cover up the police misconduct and the resulting drug and battery charges. Judge Lindberg explained that the remaining claim, although timely, had to address the requirement of *Heck v. Humphrey*, 512 U.S. 447 (1994). (Dkt. No. 6 at 3). The drug charge (resulting in an acquittal) was not *Heck* barred, but the battery charge (resulting in a conviction that had not been overturned) was *Heck* barred. (*Id.*). Plaintiff could proceed on the wrongful destruction of the video tape as to drug charge, but he could not as to the assault charge because he pled himself into *Heck's* prohibition by arguing that he had been wrongfully convicted on the battery charge. (*Id.*).

Judge Lindberg further explained to Plaintiff that he could conceivably proceed with wrongful destruction of the videotape as to the convicted battery charge if did not bring allegations in conflict with that conviction. (*Id.*). Judge Lindberg dismissed the original complaint without prejudice, and granted Plaintiff leave to submit a proposed amended complaint in accordance with the instructions of his screening order.

Plaintiff's amended complaint renews the same aforementioned factual history, but limits itself to the *Brady* claim. In Count One, Plaintiff claims that prosecutors Brown and Jennings destroyed the videotape resulting in Plaintiff going to trial on all charges. Plaintiff says he would have been exonerated if the videotape had been shown at trial. (Dkt. No. 14 at 12). Plaintiff brings a second count against both the prosecutors and police officers arguing that the videotape could have been used to impeach witness Patel in the aggravated battery case. (*Id.*).

Judge Lindberg allowed Plaintiff to proceed with this complaint but also instructed that the original screening order remained in effect and applies to this new complaint. (Dkt. No. 13). The case was reassigned to this Court following Judge Lindberg's retirement. (Dkt. No. 53).

Defendant prosecutors Jennings and Brown have brought the present motion to dismiss arguing that they are entitled to dismissal of the complaint because they have absolute immunity from suit. (Dkt. Nos. 32, 33). Judge Lindberg's original screening order did not consider whether the prosecutors have absolute immunity so this Court is the first to address the issue. Defendant prosecutors also argue that *Heck* bars the full complaint, however, Judge Lindberg previously addressed the *Heck* issue in his screening order. The Court need not revisit Judge Lindberg's *Heck* ruling because the Court is granting the motion to dismiss on the absolute immunity ground.

## STATEMENT

"'To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when Plaintiff pleads factual content that allows the court to draw the reasonable inference that Defendant is liable for the misconduct alleged.'" *McReynolds*, 694 F.3d at 885 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Immunity from suit is an affirmative defense. *Tully v. Barada*, 599 F.3d 591, 593 (7th Cir. 2010). Plaintiff does not need to anticipate or address the affirmative defense in the complaint, but the defense may be recognized at the motion to dismiss stage when Plaintiff admits the defense's elements in his complaint. *United States Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). In the instant case, Defendants have properly limited their argument to the information presented on the face of Plaintiff's complaint.

Prosecutors receive absolute immunity for their legal activities in criminal proceedings. *Rehberg v. Paulk*, 132 S. Ct. 1497, 1503 (2012). Absolute immunity covers both the activities occurring in the courtroom as well as those "'intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The Court must apply a "functional approach" by looking at Defendants' allegedly wrongful actions to determine if they are protected by absolute immunity from suit. *Rehberg*, 132 S. Ct. at 1503 (citations omitted).

The core of Defendants' immunity argument is that their alleged wrongful conduct occurred after Plaintiff had been charged with the battery and drug charges. They argue this case is controlled by *Fields v. Wharrie*, 672 F.3d 505 (7th Cir. 2012). The Court agrees with Defendants' argument.

The amended complaint is clear that Plaintiff was first charged before any alleged wrongdoing by Jennings and Brown. (Dkt. No. 14 at 9) ("Meanwhile, during the wait [for] [P]laintiff's trial, upon information and belief, [] [D]efendants J. Jennings and L. Brown went outside their duties and destroyed evidence (video-tape) that could've not only prevented [] [P]laintiff from going to trial in its entirety, but exonerated him from all charges as well."). This fact is critical under *Fields*.

*Fields* explains that once Plaintiff is indicted, the prosecutors' actions arise from his prosecutorial function, and therefore he enjoys absolute immunity from suit. 672 F.3d at 513. It is irrelevant that the alleged destruction of the videotape occurred far from a courtroom because the associated *Brady* claim does not occur until the prosecutor fails to disclose the tape's alleged destruction in connection with the criminal trial --- an activity within the traditional prosecutorial function, and protected by absolute immunity. *Id.* Consequently, Defendants are correct that they entitled to absolute immunity because the challenge conduct is associated with actions as prosecutors. Their motion to dismiss is granted.